IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNT CONSTRUCTION GROUP, INC. | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:17-CV-00310 |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | * | JURY TRIAL DEMANDED |
| | * | |
| | * | |
| | * | |
| Defendant. | | |

## COMPLAINT

Plaintiff Hunt Construction Group, Inc. ("Hunt"), by its undersigned counsel, hereby files this Complaint against Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Hunt is a corporation organized under the laws of Indiana, with its principal place of business in Arizona. Hunt is authorized to engage, and, at all times relevant hereto, was engaged in business in Texas.

2. Defendant Liberty Mutual is a corporation organized under the laws of Wisconsin, with its principal place of business in Massachusetts. Liberty Mutual is authorized to engage, and, at all times relevant hereto, was engaged in the business of providing insurance in Texas. Liberty Mutual can be served through its registered agent for service of process in Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

3. The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and (c) because Liberty Mutual is not a citizen of any state of which Hunt is also a citizen, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in Austin, Texas.

## FACTUAL BACKGROUND

5. Hunt was the general contractor for the construction of the Westin Austin Downtown Hotel, located at 310 E. 5th Street in Austin, Texas (the "Project").

6. The Project is a 20-story facility with 366 guest rooms and 19,000 square feet of meeting and banquet space.

7. Construction for the Project required excavation to a depth of more than 45 feet below grade.

8. Hunt contracted with Berkel & Company Contractors, Inc. ("Berkel") to design and construct the Project's support of excavation ("SOE") system.

9. On or about November 16, 2013, and again on or about December 1, 2013, soldier beams that were part of the Project's SOE collapsed (collectively, the "Collapse"), causing physical damage to property and significant delays to the Project.

10. The Project was insured by a builders' risk policy procured by the Project Owner and issued by Liberty Mutual. A true and correct copy of Policy No. YM2-L9L-445136-093, which was issued by Liberty Mutual to the Project Owner for the period of July 22, 2013 through March 22, 2015 (the "Policy"), is attached hereto as **Exhibit A**.

11. Hunt is an additional insured under the Policy. (*See* Policy at Additional Insured Endorsement).

12. The Policy is an "all risk" policy which provides coverage for covered property against "risks of direct physical loss or damage unless the loss is limited or caused by a peril that is excluded." (Policy at p. 10 of 21). Covered property is defined as "buildings or structures" while in the course of construction, including "temporary structures" and "foundations." (*See* Policy at pp.1 of 21 and 19 of 21). As such, the Policy covers all risks of physical loss or damage to the Project, including damage to the SOE.

13. While the Policy contains a Defects, Errors, and Omissions Exclusion, it clearly states that where "an act, defect, error, or omission . . . results in a covered peril, [Liberty Mutual] do[es] cover the loss or damage caused by that peril." (*See* Policy at p. 12 of 21).

14. Collapse is not an excluded peril under the Policy, and is therefore a covered peril.

15. The Project Owner provided Liberty Mutual with notice of the Collapse on November 16, 2013, and Hunt and the Project Owner have provided Liberty Mutual with all requested information since that time.

16. Both Hunt and the Project Owner have made claims to Liberty Mutual under the Policy for damages resulting from the Collapse. The claims seek coverage for repair costs, additional construction expenses, and lost income, among others.

17. Liberty Mutual has denied coverage for the claims made by Hunt and the Project Owner.

18. Liberty Mutual's denial of coverage is not supported by the facts, the language of the Policy, or the applicable law.

19. Although Liberty Mutual has claimed that the Policy's Earth Movement Exclusion justifies its denial of coverage, that position is belied by both the language of the Policy and the report of Liberty Mutual's own consultant.

20. After denying coverage for the Claim in December 2015, Liberty Mutual retained Engineering Systems, Inc. ("ESI") to investigate and analyze the cause of the Collapse at the Project.

21. In a report dated May 17, 2016, ESI opined that the Collapse resulted from alleged deficiencies in the design and construction of the SOE.

22. ESI further opined that rain did not cause the Collapse.

23. ESI did not opine that earth movement of any kind caused or contributed to the Collapse.

24. Liberty Mutual has adopted and agreed with ESI's opinions regarding the cause of the Collapse in correspondence to Hunt and the Project Owner, yet refuses to acknowledge coverage for damages resulting therefrom.

25. Even if it is ultimately determined that an act, defect, error, or omission relating to design, construction or workmanship resulted in the Collapse, the loss or damage caused by the Collapse is expressly covered. (*See* Policy at p. 12 of 21).

26. As a result of Liberty Mutual's wrongful denial of coverage, both Hunt and the Project Owner have incurred substantial damages.

## COUNT I – BREACH OF CONTRACT

27. Hunt repeats and realleges each and every preceding paragraph as if fully set forth herein.

28. The Policy is a valid and enforceable contract.

29. Under the Policy, Liberty Mutual has a duty to Hunt, its insured, to provide coverage pursuant to the terms of the Policy.

30. The damages incurred by Hunt as a result of the Collapse at the Project are covered under the terms of the Policy.

31. Hunt has satisfied all conditions precedent for making a claim under the Policy or such conditions have occurred or been excused.

32. Liberty Mutual breached its duty to Hunt by failing to provide coverage for Hunt's claim for damages resulting from the Collapse at the Project.

33. As a result of Liberty Mutual's breach, Hunt has incurred and continues to incur substantial damages.

## COUNT II – CHAPTER 542 OF THE TEXAS INSURANCE CODE

34. Hunt repeats and realleges each and every preceding paragraph as if fully set forth herein.

35. Hunt has made a claim for damages sustained as a result of the Collapse and has satisfied all conditions under the Policy for making such a claim.

36. Liberty Mutual has engaged in conduct that constitutes violations of Chapter 542 of the Texas Insurance Code by delaying and/or failing to timely pay Hunt's damages in connection with the claim.

37. Consequently, Hunt is entitled to the damages set forth in § 542.060 of the Texas Insurance Code, including – in addition to the amount of Hunt's damages resulting from the Collapse – interest at the rate of eighteen percent (18%) per annum as well as any and all other relief provided therein.

## COUNT III – ATTORNEYS' FEES

38. Hunt repeats and realleges each and every preceding paragraph as if fully set forth herein.

39. Due to the actions of Liberty Mutual, Hunt has been required to retain the services of the law firm of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). Hunt has agreed to pay Pillsbury a reasonable fee for its services necessarily rendered and to be rendered in this action. Pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code and/or Section 542.060 of the Texas Insurance Code, Hunt is entitled to an award of its reasonable attorneys' fees against Liberty Mutual in an amount to be established at trial.

## NOTICE OF INTENT TO PURSUE CLAIM
## UNDER CHAPTER 541 OF THE TEXAS INSURANCE CODE

40. Hunt repeats and realleges each and every preceding paragraph as if fully set forth herein.

41. Pursuant to § 541.154 of the Texas Insurance Code, Hunt hereby provides notice of its intent to pursue a claim against Liberty Mutual under § 541.151 of the Texas Insurance Code by amending this suit after 60 days.

42. Liberty Mutual has engaged in unfair or deceptive acts or practices as defined by Section 541.061 of the Texas Insurance Code.

43. Liberty Mutual has violated Section 541.060(1) of the Texas Insurance Code by misrepresenting that earth movement caused the Collapse at the Project, when no evidence, including the report prepared by Liberty Mutual's own consultant, supports such an assertion.

44. Liberty Mutual has violated Section 541.060(2) of the Texas Insurance Code by refusing coverage for Hunt's claim when its liability was reasonably clear.

45. Liberty Mutual has violated Section 541.060(3) of the Texas Insurance Code by denying coverage for Hunt's claim on the basis of the Policy's Earth Movement Exclusion without providing any factual or legal basis for such an assertion.

46. Liberty Mutual has violated Section 541.060(7) of the Texas Insurance Code by refusing coverage for Hunt's claim without conducting a reasonable investigation with respect to the cause of the Collapse at the Project.

47. As a result of Liberty Mutual's conduct, Hunt has suffered damages in an amount not less than $813,000, as well as attorneys' fees in an amount not less than $123,274.85.

48. Liberty Mutual knowingly committed one or more of the violations referenced above and thus Hunt seeks, in addition to actual damages, court costs, and attorneys' fees, an amount not to exceed three times the amount of actual damages.

## JURY DEMAND

49. Hunt hereby requests a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff Hunt respectfully requests that the Court grant the following relief:

   a. Judgment awarding Hunt all damages caused by Liberty Mutual's breach of the Policy;

   b. Judgment awarding Hunt all damages sustained as a result of Liberty Mutual's violations of Chapter 542 of the Texas Insurance Code and all statutory, exemplary or treble damages;

   c. Judgment awarding Hunt all reasonable and necessary attorneys' fees and

expenses incurred in this matter under Chapter 38 of the Texas Civil Practice & Remedies Code and Chapter 542 of the Texas Insurance Code;

d. Judgment awarding Hunt pre-judgment and post-judgment interest in the amount allowed by law;

e. Judgment awarding Hunt all costs of court; and

f. Such other and further relief to which Hunt may be justly entitled.

Dated: April 10, 2017                                  Respectfully submitted,

*/s/ Casey Low*

Casey Low (Texas Bar 24041363)
PILLSBURY WINTHROP SHAW PITTMAN LLP
401 Congress Avenue, Suite 1700
Austin, Texas 78701-3443
Phone (512) 580-9616
Fax: (512) 580-9601
casey.low@pillsburylaw.com
*Counsel for Plaintiff Hunt Construction Group, Inc.*

*Of Counsel*

José M. Pienknagura
Executive VP, Chief Counsel, & Risk Manager
Hunt Construction Group, Inc.
6720 N. Scottsdale Road, Suite 300
Scottsdale, AZ 85253